Matter of Wright v Annucci (2019 NY Slip Op 06500)





Matter of Wright v Annucci


2019 NY Slip Op 06500


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2015-12038
 (Index No. 3426/15)

[*1]In the Matter of Earl Wright, petitioner, 
v
Anthony J. Annucci, etc., respondent.


Earl Wright, Stormville, NY, petitioner pro se.
Letitia James, Attorney General, New York, NY (Judith N. Vale and David Lawrence III of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Director of the Special Housing/Inmate Disciplinary Program, on behalf of the respondent, Anthony J. Annucci, Acting Commissioner of the Department of Corrections and Community Supervision, dated May 18, 2015. The determination affirmed so much of a determination of a hearing officer dated February 25, 2015, made after a tier III disciplinary hearing, as found that the petitioner was guilty of violating prison disciplinary rule 113.14 (7 NYCRR 270.2[B][14][iv]), and imposed penalties.
ADJUDGED that the petition is granted, without costs or disbursements, the determination finding the petitioner guilty of violating prison disciplinary rule 113.14 (7 NYCRR 270.2[B][14][iv]) is annulled, the penalties imposed are vacated, the charge is dismissed, and the respondent is directed to expunge all references to that finding from the petitioner's institutional record.
The petitioner, an inmate at the Green Haven Correctional Facility, received medication in the facility's "medication room." He put the medication in his mouth and began to leave the room. As the petitioner left, he was stopped by a corrections officer who directed the petitioner to open his mouth and spit out the remnants of his medication that had not yet dissolved. The petitioner was thereafter charged with, and found guilty of, unauthorized possession of medication and drug possession, in violation of prison disciplinary rules 113.14 (7 NYCRR 270.2[B][14][iv]) and 113.25 (7 NYCRR 270.2[B][14][xv]), respectively. After an administrative appeal, the drug possession charge was vacated. The petitioner then commenced this CPLR article 78 proceeding to challenge the determination of his guilt on the charge of unlawful possession of medication. The Supreme Court, Dutchess County, transferred the proceeding to this Court pursuant to CPLR 7804(g).
In reviewing a prison disciplinary determination, a court's review of the factual findings is limited to ascertaining whether the determination is supported by substantial evidence (see CPLR 7803[4]; Matter of Smith v Annucci, 160 AD3d 651, 653). Substantial evidence is "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180).
Here, we agree with the petitioner that the determination that he possessed unauthorized medication in violation of prison disciplinary rule 113.14 was not supported by substantial evidence. That rule provides: "An inmate shall not possess outdated or unauthorized types or quantities of medication, nor shall an inmate sell, exchange or provide any medication to anyone" (7 NYCRR 270.2[B][14][iv]). The testimony presented at the disciplinary hearing established that the medication possessed by the petitioner had been prescribed to him, and that he was taking it in an appropriate manner (oral dissolution) when stopped by the corrections officer. That the petitioner failed to remain in the facility's "medication room" until the medication completely dissolved does not, by itself, support a finding that he violated the subject prison disciplinary rule.
Accordingly, the finding that the petitioner violated prison disciplinary rule 113.14 (7 NYCRR 270.2[B][14][iv]) must be annulled, and the penalties imposed vacated.
MASTRO, J.P., BALKIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court